Russell Porter Dolan v. Commissioner.
Dolan v. Commissioner
Docket No. 10415.
United States Tax Court
1948 Tax Ct. Memo LEXIS 253; 7 T.C.M. (CCH) 79; T.C.M. (RIA) 48018; February 17, 1948
Russell Porter Dolan, pro se. F. L. Van Haaften, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined a deficiency of $350.56 in petitioner's income tax for 1943 by disallowing the deduction of amounts unsuccessfully claimed for per diem subsistence while petitioner was in the employ of the United States Government and expenses incurred in moving his family from Rhode Island to his post of duty at Greenville, S. C. Petitioner contends that being entitled to reimbursement for the several items, he should be allowed to deduct the amount of them. Findings of Fact Petitioner, a resident of Greenville, S.C., prepared his income tax return for 1943 on the cash basis and filed *254 it with the collector of internal revenue for the district of South Carolina. He is married, and has had experience as an accountant and textile engineer in New York City. After being without work for some nine months, he moved with his family from New York to Cranston, Rhode Island, in April 1939. Later he procured a position with the Bureau of Internal Revenue as a field investigator, receiving a per diem allowance of $6 on his trips, and in October 1941 was employed as a field investigator by the Office of Price Administration, understanding that his position would require constant travel from the main office at Washington, D.C., and that he would receive $6 per diem for subsistence. He did field work and received the subsistence allowance until stationed in Washington, D.C., for 140 days of 1943, ending June 15. Vouchers for subsistence at $6 per diem during this period were submitted by him but not approved by the General Accounting Office on the ground that he was not absent from his post of duty and hence not entitled to subsistence. Petitioner resigned his position with the Office of Price Administration, and went to New York where he was offered and accepted a position at *255 $5,600 a year with the Quartermaster Corps of the United States Army. On June 16 he was sent to Boston, Massachusetts, for 44 days, and was paid per diem subsistence for the first 30 days but not for the last 14. He was transferred on August 1 to Greenville, S.C., to open an office under the Quartermasters' Depot at Charlotte, N.C. His family had remained at Cranston, Rhode Island, but after his transfer to Greenville, he had them come there, submitting expense vouchers for the moving. Because of delay in transportation arrangements, for which he blames the Quartermaster Corps, his family remained longer than expected, paying an extra month's rent of $48. His furniture was shipped by motor van instead of by freight with his consent, but because of the lesser maximum allowable by van, he had to pay on account of excess weight $91, for which reimbursement was refused. After the furniture arrived in Greenville on September 15 he paid $15 for moving it into storage and $43 for storage. The cost of bringing his wife and car to Greenville was $35.80. Petitioner had understood that he was entitled to per diem subsistence for his time in Greenville before his effects were moved, or the 46 *256 days, August 1-September 15, 1943. He was not granted subsistence for that period and was not reimbursed for the foregoing expenses. He was reimbursed for others. Petitioner was employed by the Quartermaster Corps at Greenville until the closing of its office there on July 6, 1946. On his income tax return for 1943 petitioner deducted the following as ordinary and necessary expenses incurred in earning his salary: Per diem loss at O.P.A., Washington, D.C.
140 days
Per diem loss at Q.M., Boston, Mass.
14 days
Per diem loss at Q.M., Greenville, S.C.
46 days
200 days at $6 =
$1,200.00
Moving expense overweight
91.00
Expense of moving automobile and wife to Greenville, S.C.
35.80
Storage charge on furniture
43.00
Loss in rent at Cranston, R.I.
48.00
Loss in rent at Greenville, S.C. (caused by moving from storage to unfurnished home
15.00
Total expenses
$1,432.80 The Commissioner disallowed these deductions. Petitioner did not report as income the amounts received by him for per diem subsistence and for travel and did not deduct amounts expended by him for these purposes. Opinion In seeking deduction of the $1,200 representing his *257 disallowed claims for per diem subsistence, petitioner testified that the Office of Price Administration and later the Quartermaster Corps, having agreed to pay him such subsistence, arbitrarily refused to do so. He charges officials in them and the General Accounting Office, which disapproved his vouchers, with arbitrary action, errors, slips and general negligence; adds that he remained with the Office of Price Administration a longer time than intended because he was assured that an official of the Internal Revenue Bureau had approved the deduction of amounts claimed but disallowed for subsistence. Such approval, if given, however, is obviously no more binding here than the Commissioner's present contrary determination. This Court is in no position to review and decide the merits of petitioner's claims for subsistence, and in any event could not do so on the present record which contains no more than petitioner's personal opinion of the action taken. We note, however, that petitioner was at his post of duty, not absent from it, on all the days for which the disapproved allowances were claimed. Under section 29.23 (a)-1, Regulations 111, moreover, a taxpayer is required to report *258 a per diem allowance as gross income and may deduct the actual cost of subsistence, not the amount of the allowance. Petitioner testified generally that he spent more than $6 a day. He failed, however, to report the amounts paid him as per diem allowance or to deduct any actual costs. What he now claims in effect is the right to deduct anticipated income which he did not receive, and no section of the revenue act grants such a deduction. Petitioner's testimony indicates that by reason of a two weeks' delay in the shipping of his home furnishings from Cranston, R.I., to Greenville, S.C., he was subjected to inconveniences entailing additional rent, storage and hauling charges, and was forced to pay personally $91 on the overweight which would have been avoided if his furnishings had been shipped by freight train instead of by motor van. He also claims as a deduction the cost of bringing his wife and car to Greenville, for which no reimbursement was received. While these inconveniences and resulting expenses were unfortunate, they and the cost of his wife's transportation were obviously personal in character, unconnected with business or the earning of salary, and by section 23 (a) (1), Internal Revenue Code *259 , are expressly not deductible. The Commissioner's determination is approved. Decision will be entered for the respondent.